**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-08019-001-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Melvin James, | |
| Defendant. | |

Before the Court is Defendant's Objection to Trial Procedure (Doc. 125) an objection to General Order 20-26, which mandates, *inter alia*, that all persons attending jury trials conducted in the Phoenix courthouse wear masks and practice social distancing, except as authorized by the presiding judge. Particularly, Defendant objects to the mask and social distancing mandates by arguing that (1) masks are ineffective and potentially dangerous, (2) requiring witnesses to wear masks violates Defendant's Sixth Amendment right to confrontation, (3) requiring jurors to wear masks violates Defendant's Sixth Amendment right to an impartial jury, (4) requiring Defendant and his counsel to wear masks causes them undue prejudice, and (5) requiring counsel to keep six feet distance from his client violates Defendant's Sixth Amendment right to effective assistance of counsel and (6) masks create health risks for defense counsel that will "likely affect the defendant's Sixth Amendment right to effective assistance of counsel." (Doc. 125 at 17.) For the following reasons, Defendant's objections are overruled.

Defendant first argues that masks are unsafe and ineffective. The Court is responsible for the safety of everyone in the courtroom, just as the Chief Judge is responsible for ensuring the well-being all individuals in courthouse. With the health and safety of the public in mind, the Chief Judge issued General Order 20-26. In doing so, he followed guidance not only from courts and judges nationwide, but also looked to studies and epidemiological models from leading experts, which indicate that the widespread use of masks safely and meaningfully reduces COVID-19 transmission, hospitalization, and death, especially indoors, where there is little to no circulation. *See* Steffen Eikenberry, *et al.*, *To mask or not to mask: Modeling the potential for face mask use by the general public to curtail the COVID-19 pandemic*, 5 INFECT DIS MODEL 293 (Apr. 21, 2020); Trisha Greenhalgh, *et al.*, *Face masks for the public during the covid-19 crisis*, BMJ 369 (Apr. 9, 2020); Mingming Liang, *et al.*, *Efficacy of face mask in preventing respiratory virus transmission: A systematic review and meta-analysis*, 36 Travel Medicine and Infectious Disease 10175 (May 28, 2020). In fact, the Centers for Disease Control and Prevention ("CDC") has reported that the rate of transmission of COVID-19 in Arizona has reduced significantly since the implementation and enforcement of mitigation measures, including mask mandates. CDC, *Trends in COVID-19 Incidence After Implementation of Mitigation Measures—Arizona, January 22-August 7, 2020*.[1]

CDC guidelines make clear that everyone should wear a mask in public while keeping at least 6 feet away from others in order to curb the spread of COVID-19. *See* CDC, *Coronavirus Disease 2019 (COVID-19)-How to Protect Yourself & Others*[2]; *Considerations for Wearing Masks, Ctrs. for Disease Control and Prevention*;[3] *CDC calls on Americans to wear masks to prevent COVID-19 spread*.[4] Defendant's arguments

---

[1] Available at https://www.cdc.gov/mmwr/volumes/69/wr/mm6940e3.htm.
[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html.
[3] Available at https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/cloth-face-cover-guidance.html
[4] Available at https://www.cdc.gov/media/releases/2020/p0714-americans-to-wear-masks.html.

regarding the inefficacy and dangers of masks are unconvincing in the face of CDC guidance, of which the Court takes judicial notice. *McGhee v. City of Flagstaff*, No. CV-20-08081-PCT-GMS, 2020 WL 2309881, at *2 (D. Ariz. May 8, 2020) (taking judicial notice of CDC guidance "[b]ecause government publications are matters of public record and can be easily verified."). The modest sacrifice of donning a face mask mitigates for all trial participants the risk of transmission of a potentially deadly or disabling virus. Consequently, Defendant's objection to General Order 20-26, insofar as it concerns the efficacy and safety of masks, is overruled.

Next, Defendant asserts that requiring witnesses to wear opaque masks covering their noses and mouths violates the Sixth Amendment's Confrontation Clause guarantee. However, a defendant's right to confront witnesses may be satisfied absent a traditional face-to-face confrontation at trial where (1) "denial of such confrontation is necessary to further an important public policy" and (2) "the reliability of the testimony is otherwise assured." *Maryland v. Craig*, 497 U.S. 836, 850 (1990) (citations omitted).

Beginning with the first prong, the mask requirement, which denies Defendant the ability to observe a witness' nose and mouth movement during confrontation, "is necessary to further an important public policy: ensuring the safety of everyone in the courtroom in the midst of a unique global pandemic." *United States v. Crittenden*, No. 4:20-CR-7 (CDL), 2020 WL 491773, at *6 (M.D. Ga. Aug. 21, 2020).

Turning to the second prong, reliability of testimony is ensured by the four elements of confrontation—physical presence of the witness, testimony under oath, cross-examination, and observation of demeanor by the trier of fact. *Craig*, 497 U.S. at 846. All four elements need not be wholly present for testimony to be deemed reliable. Rather, even if protocol interferes with one element of confrontation, testimony may be nevertheless reliable. *Crittenden*, 2020 WL 4917733, at * 6 (citing *Craig*, 497 U.S. at 851.). Here, witnesses will be physically present, will testify under oath, and may be cross-examined. The only element that the mask protocol might interfere with is the fourth: observation of demeanor.

The Court concludes that the mask requirement does not significantly obstruct the ability to observe demeanor.  Masks will only obfuscate two witness traits—movement of the nose and mouth.  The Confrontation Clause does not require that the jury be able to see a witness's entire face or body.  *See Morales v. Artuz*, 281 F.3d 55, 56, 60-61 (2d Cir. 2002) (permitting a witness to testify while wearing dark sunglasses because it "resulted in only a minimal impairment of the jurors' opportunity to assess her credibility"); *United States v. de Jesus-Castaneda*, 705 F.3d 1117, 1120-21 (9th Cir. 2013) (confidential informant's disguise of a wig and fake mustache during testimony did not violate the Confrontation Clause).  The Court finds the rationale in *Crittenden* persuasive in concluding that being able to see a witness's nose and mouth is not essential to testing the reliability of the testimony.  The *Crittenden* court explained,

> Demeanor includes the language of the entire body [and] jurors will still be able to observe most facets of the witnesses' demeanor.  They can observe the witnesses from head to toe. They will be able to see how the witnesses move when they answer a question; how the witnesses hesitate; how fast the witnesses speak. They will be able to see the witnesses blink or roll their eyes, make furtive glances, and tilt their heads. The Confrontation Clause does not guarantee the right to see the witness's lips move or nose sniff, any more than it requires the jurors to subject the back of a witness's neck to a magnifying glass to see if the hair raised during particularly probative questioning.

*Crittenden*, 2020 WL 4917733, at *7.  Because the covering of the nose and mouth does not significantly hinder observation of demeanor, allowing witnesses to testify while wearing masks does not materially diminish the reliability of the witnesses' testimony.  In sum, because the mask protocol furthers an important public policy and the reliability of mask-wearing witnesses is otherwise assured, General Order 20-26 does not violate the Sixth Amendment's Confrontation Clause guarantee.

Relatedly, Defendant objects to the protocol that jurors wear masks, arguing that without seeing jurors' noses and mouths, counsel will be unable to adequately assess juror behavior during voir dire, which will inhibit him from striking biased jurors, thereby violating Defendant's Sixth Amendment right to an impartial jury.  Again, demeanor

includes various aspects of body language and tone, which counsel may still readily assess. Further, juror questionnaires and voir dire should provide counsel with sufficient information to detect bias. Requiring jurors to wear masks does not infringe on the right to an impartial jury.

Next, Defendant, without referencing a constitutional provision, argues that he will be unduly prejudiced by the requirement that he and his counsel wear masks because the jury will not be able to adequately assess their demeanor. The Eastern District of New York rejected similar arguments, noting it could find "no authority or constitutional basis for the notion that [Defendant's] entire face must be fully visible to the jury during trial." *United States v. Trimarco*, 17-CR-583 (JMA), 2020 WL 5211051, at *6 (E.D.N.Y. Sept. 1, 2020). If Defendant or his counsel nevertheless have concerns about jurors being unable to view their mouth movements, nothing in General Order 20-26 prevents Defendant or his counsel from securing and wearing full-coverage transparent face masks, such as those designed to aid the deaf and hard-of-hearing community.[5]

Turning to the social distancing requirement, Defendant did not cite authority and the Court has encountered none that suggests distancing a defendant 6 feet from counsel will impair the defendant's right to assistance of counsel when counsel and client are otherwise free to communicate throughout trial. Rather, the Fourth Circuit approved a six-foot-distanced seating arrangement between a defendant and counsel, even in the absence of a pandemic. *See United States v. Levenite*, 277 F.3d 454, 465-66 (4th Cir. 2002). The Court concludes its social distancing seating arrangement will not impair Defendant's right to assistance of counsel. However, if counsel struggles to consult with Defendant during trial, he should immediately alert the Court.

---

[5] An example of an FDA-approved transparent face mask is the ClearMask, which can be purchased at https://buy.theclearmask.com/. Though the presiding judge will permit any individual within the courtroom to wear a full-coverage transparent face mask, a face shield cannot act as a substitute.

Finally, Counsel for Defendant objects to the requirement[6] that he wear a mask, arguing that "masks create health risks for the wearer." (Doc. 125 at 14.) Particularly, he describes that wearing a mask "for a prolonged period of time-meaning approximately 45-60 minutes," (*id*. at 17), has caused him to experience adverse health effects including "difficulty breathing, increased body temperature, irritability, onset of headache and becoming distracted by these symptoms." *Id*. Counsel therefore argues he "should not be required to compromise or sacrifice his own health to allay the concerns of another." And continues by suggesting "that the requirement of wearing a mask throughout the trial will likely affect the defendant's Sixth Amendment right to effective assistance of counsel." (Doc. 125 at 17.)

At the October 10, 2020 oral argument, when pressed by the Court, Counsel refused to say that he believed wearing a mask at trial would cause him to be unable to render effective assistance to his client. While the Court does not question his experience with minor side effects from wearing a mask, applying common sense and considering Counsel's refusal to confirm that wearing a mask will prevent him from providing effective assistance of counsel, it finds the argument without merit. However, as discussed during oral argument, should counsel at any time during the trial feel that his health is so adversely affected by wearing a mask that he is unable to provide effective assistance of counsel, he shall immediately notify the Court. Upon such notification, the Court will make necessary accommodations.

**IT IS ORDERED** that Defendant's objections to General Order 20-26 are **OVERRULED.**

//
//
//
//

---

[6] Regardless of whether counsel believes in the science that the Court relied on when developing the mask policy mandated in General Order 20-26, everyone in the courtroom is required to wear a mask.

1 **IT IS FURTHER ORDERED** that counsel for Defendant shall immediately notify the Court if, at any time during trial, he feels wearing a mask is impacting his health in way that interferes with his ability to render effective assistance of counsel.

Dated this 14th day of October, 2020.

*[signature]*
Douglas L. Rayes
United States District Judge