WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Melvin James,<br><br>　　　　Defendant. | No. CR-19-08019-001-PCT-DLR<br><br>**ORDER** |

Before the Court is Defendant's "Motion Requesting Removal of Judge Reyes (sic) from the Case 5th Court Appointed Lawyer Notified Me that Mr. Reyes (sic) Is Not Following Law But His Emotions." (Doc. 206.) Defendant argues that he should be assigned a new judge because the Court is a witness to arguments he had with his "3rd lawyer, Mr. Paige, Mr. Reyes (sic) not following law. Mr. Reyes (sic) knows 'PERSONALLY', 'ALL' of unprofessional conduct of lawyers." (*Id.* at 1.) Defendant appears to be requesting the undersigned recuse and that a new judge be assigned to his case because the Court witnessed his disputes with his lawyers over the course of his case.

Recusal decisions are within the trial judge's sound discretion. *United States v. Wilensky,* 757 F.2d 594, 599-600 (3d Cir. 1985). There are two federal statutes that control when a federal judge should recuse. The first, 28 U.S.C. § 144, provides that a judge shall recuse if the party seeking recusal submits a "timely and sufficient affidavit" which illustrates that the judge has a personal bias or prejudice towards a party. The second, 28

U.S.C. § 455(b), provides that a judge shall recuse under a variety of circumstances, including if the judge has a personal bias or prejudice towards a party. Unlike § 144, however, § 455(b) does not include the requirement of a timely and sufficient affidavit. Furthermore, § 455(a) states that **"**a judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Thus, there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, §§ 144 and 455(b)(1), or (2) the judge's impartiality might reasonably be questioned, § 455(a). *See also Hasbrouck v. Texaco, Inc.,* 842 F.2d 1034, 1045 (9th Cir. 1988). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." *Id.* at 1045-46. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (internal citations omitted).

Defendant makes no allegation of extrajudicial bias. Indeed, it is unclear what Defendant is alleging as a basis for his request of recusal, other than the fact that the Court witnessed his disputes with his lawyers and their alleged unprofessional conduct. Defendant has not alleged any deep-seated favoritism or antagonism, nor has he alleged the involvement of an extrajudicial source. There is nothing to suggest personal bias or prejudice, nor are there any facts from which a reasonable person with knowledge of all the facts would conclude that the Court's impartiality might reasonably be questioned. Accordingly,

**IT IS ORDERED** that Defendant's motion for recusal (Doc. 206) is **DENIED**.

Dated this 21st day of May, 2021.

Douglas L. Rayes
United States District Judge